**ATWOOD et al. v. KING et al.**

**Nos. 11625, 11658.**

Circuit Court of Appeals, Fifth Circuit.

July 2, 1947.

Rehearing Denied Aug. 21, 1947.

See also 163 F.2d 108.

Garrett R. Tucker, Jr. and Brady Cole, both of Houston, Tex., and Thomas H. Fisher, of Chicago, Ill., for appellants.

Robt. W. Stayton, of Austin, Tex., R. E. Seagler, Felix A. Raymer and Robert F. Campbell, all of Houston, Tex., Leroy G. Denman, of San Antonio, Tex., and M. G. Eckhardt, Jr., of Corpus Christi, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Mrs. Henrietta M. King, the owner of a ranch empire in Texas, in excess of one million acres, made a will wherein seven trustees were authorized, with exceedingly broad powers,[1] to control and manage her estate. One of the objects of her solicitude and bounty was a grandson, Richard W. Atwood, a person *non compos mentis*. The main trust estate created by the will was to be continued for a period of ten years from the death of the testatrix, whereupon the trustees were to make partition among the devisees of the residue of the estate that had come into their hands. Richard W. Atwood, the grandson, was a devisee under the will of a proportionate part of the residue, but the testatrix provided in her will that the trustees should also set up a special trust fund for this grandson in the event he had not, at the time of the partition, fully and permanently recovered his mind and health. The language of the will making this provision is as follows:

"But, should my said grand-son, Richard W. Atwood, then not have fully and per-

[1] "To, in all things as I would, or could, if living, possess, hold, have, conduct, manage and control, to lease, bargain, sell, convey and deliver or exchange, to borrow any monies upon, and execute and deliver all necessary notes, mortgages and deeds of trust to secure the payment of the same,—and therefrom, and thereto, to have, receive, collect, hold, disburse or invest, any and all monies, funds, property, or other things that may thus come into their hands or possession, during the period of this Trust—and also, thereto, at any and all times, to make any such purchases, or investments, and to create any such Special Funds, for any and all such purposes, as in their judgment and discretion may be deemed necessary and best for the interests of any of my said Estate, and that of its Beneficiaries, my children and their descendants, as herein provided,—and, generally, to do any and all things, in the premises, which I would, or could do if living, and personally present and acting;"

manently recovered his mind and health, at the time of the expiration of the period of this *Trust*, and such Final Partition and Distribution, of all my said Estate, as herein provided, then and in that event, my said Trustees, shall and will, before so partitioning my said Estate, create a Special Trust Fund for, and place in Trust, such a sum of money, as in their discretion may be necessary, and as will produce, monthly, not less than three hundred dollars ($300.00), per month, to be payable monthly, for the continued care, custody and maintenance of my said grand-son, Richard W. Atwood, during his life, which sum so then to be placed *in Trust*, by my said Trustees, shall, upon his death, be then paid, by the Trustees then holding the same, to his said three (3) sisters and brothers, if then living, or if then dead, to their descendants then living, in equal shares, taking by representation and not by numbers,—but should my said grandson, Richard W. Atwood, at any time before his death, and before the expiration of this *Trust*, and of the Final Partitioning of my said Estate, fully and permanently recover his health and mind, then and in that event, said three hundred dollars ($300.00) per month, shall be paid directly to him,—and upon the Final Partition of my Estate, his said *In Trust* Share of my said Estate, upon its Final Partition, be delivered to him, if then fully recovered, otherwise to be divided, in equal shares, between his said brothers and sisters, and their then descendants then living, taking by representation, and not by numbers;"

The testatrix died in 1925. Richard W. Atwood, at the expiration of the ten-year period, and upon the partition of the estate, had not recovered his sanity and health, and it thereupon became the duty of the trustees, as found and ordered by the Court below in an appropriate proceeding on July 23, 1945, to set up a special trust fund such as would produce not less than $300 per month, payable monthly, for the care, custody, and maintenance of Richard W. Atwood during his life. The will provided that upon his death the "In Trust Share" of the said grandson should be paid over to his brothers and sisters, or their descendants. There has been no recovery by the grandson.

The decedent was insistent in her requirements that her debts be first paid. The trustees construed the will as requiring the payment of the debts out of the residuum before setting up the special trust fund for Richard W. Atwood and, therefore, the special trust for Richard W. Atwood was not set up until the trustees were directed to do so by the Court's decree of July 23, 1945, whereupon the trustees reported to the Court, on August 24, 1945, that they had set up the trust fund composed of the following amounts:

| | |
|---|---:|
| Principal of trust fund | $100,000.00 |
| Monthly payments of $300.00 from date of partition, April 1, 1935, to August 31, 1945, date of establishment of trust | 37,500.00 |
| Interest at 4% on the unpaid monthly payments | 7,719.00 |
| Total | $145,219.00 |

The trustees selected as trustee for the Richard W. Atwood Trust Fund the Victoria Bank and Trust Company, of Victoria, Texas.

Objections were duly filed by Edwin K. Atwood, et al., to the approval of the report of the trustees, which were in substance:

1. That it would require at least $190,-000 in the trust fund in order to produce the net amount of $300 per month required by the will; that the trustees had calculated that the fund would earn interest at the rate of 4%, which was in excess of the amount that the trust fund could earn if and when wisely and conservatively invested.

2. That the trustees had illegally withheld the monthly payments from said insane person and that interest at the legal rate in Texas of 6% should be paid instead of 4% as computed by the trustees, or that the trustees, because of their wrongful acts in so withholding the money, should be required to pay 10%, compounded annually.

3. That the Victoria Bank and Trust Company of Victoria, Texas, was an unwise and unsuitable selection to serve as trustee of the special fund.

4. That the $37,500 representing the monthly payments theretofore withheld, together with the interest thereon, should not

be a part of the corpus of the special trust fund but should be paid over to Alice B. Atwood, of Cook County, Illinois, a sister of the beneficiary and the domiciliary conservatrix of the domiciliary estate of Richard W. Atwood, a resident of Illinois.

The trustees say that during the period of the main trust the rate of interest paid by the estate and received by the estate has been slightly over six per cent, nevertheless, they calculated that under present conditions 4% could be realized and that a trust fund of $100,000 so invested would produce in excess of $300 per month, and that, therefore, the amount set up in the trust fund was more than sufficient to yield the required income. By the same token the trustees insist that since 4% is the appropriate rate of interest to expect the trust fund to earn, it is likewise the appropriate rate of interest to charge as interest on the delayed monthly payments between the date of the partition and the date of the setting up of the trust fund. They insist that the accumulated monthly payments should not be paid over to the domiciliary conservatrix in the State of Illinois, and that the Victoria Bank and Trust Company, of Victoria, Texas, was selected by them in the exercise of their discretion and that it was highly capable and suitable to serve as such trustee of the Richard W. Atwood Trust.

We shall take up the objections of the plaintiffs in the order in which they are set out above, the first being that the amount set up in the trust fund for Richard W. Atwood was insufficient to yield the net amount of $300 per month "for the continued care, custody and maintenance of * * * Richard W. Atwood," as required by the will. This Court, of course, knows that if the trust fund is invested wholly in United States Government bonds, it will not yield the net sum of $300 per month, but there is no requirement in the will nor in the statutes of Texas that the funds be so invested, nor can we say that it is the only safe and sane source of investment of such funds. We cannot escape the conviction that the testatrix had great faith in that section of Texas wherein her great empire was located, as well as great faith in the business judgment, fidelity, and discretion of her trustees. She conferred upon them the broadest of powers and authorized them generally to do any and all things "which I would, or could do if living, and personally present and acting; * * *." By reason of the fact that her vast wealth was invested so largely in things other than Government bonds, with results that had been anything but disastrous, we can hardly conclude that if she were personally present and acting in the investment of funds for her grandson she would have been unwilling to have invested in no other types of assets than Government bonds. Moreover, she expressly directed her trustees to "place in Trust, such a sum of money, *as in their discretion may be necessary,* and as will produce, monthly, not less than three hundred dollars ($300.00), per month, * * *." We interpret that to mean that the determination of the amount necessary to be invested in order to yield $300 was left entirely in the discretion of her trustees. Certainly that discretion was not vested in this Court, and in the absence of clear proof of a definite abuse of such discretion we should not interfere. The lower Court found no such abuse of discretion and neither do we. The probable yield of the investment in securities in such a situation is not to be gauged by a market fluctuation from day to day or from month to month, but from the over-all aspect of the reasonable life expectancy of the beneficiary. The same class of investments that today yields 2% may at a reasonably early date greatly increase in earnings. The trustees are not guarantors. We should not undertake to substitute our discretion for that of those upon whom the testatrix conferred the discretion. The decree of the Court below in this respect is affirmed.

We think, however, that the lower Court was in error in allowing interest to be computed on the monthly payments, that were withheld by the trustees, at 4% when the legal rate of interest in the State of Texas, in the absence of contract or statute, is 6%. The trustees, in the absence of contract or statute, had no right to substitute the rate of interest the trust fund would likely earn for the rate of interest which the

statute of the State of Texas had prescribed as the proper rate to be paid for the failure to pay money due another.

Let the interest be recomputed at 6% instead of 4% and the difference paid over to the Victoria Bank and Trust Company, of Victoria, Texas, as trustee, pending the further order of the lower Court as to what disposition should be made of such previously-accumulated payments and interest thereon.

The approval of the Victoria Bank and Trust Company, of Victoria, Texas, was a matter of discretion with the lower Court; and no abuse of that discretion has been shown. The order of the lower Court in respect thereto is also affirmed.

The next and last objection is that the lower Court erred in not ordering paid over to the domiciliary conservatrix the sum of $37,500 of accumulated monthly payments as well as the interest thereon, as to which the Court below made no order whatsoever. The function of this Court is to pass on final judgments from which appeals are properly taken. There being no final judgment touching this issue, we will express no opinion thereon.

It appears that after making the order of the Court below in our No. 11625 (hereinabove discussed), a motion was made in that Court to increase the amount of the special trust fund of Richard W. Atwood. This motion was denied on April 16, 1946. From this order an appeal was also taken to this Court, being our No. 11658. The two appeals were argued together and have been considered together by us. All that we have said hereinabove as to No. 11625 is applicable to, and is the opinion of the Court on, the appeal in No. 11658.

The decree of the lower Court in the appeal No. 11625 is hereby modified so as to require the computation of interest at 6% instead of 4% on the withheld monthly payments and the case is remanded for a recomputation of said interest and the entry of an appropriate decree and for the further order of the Court in appropriate proceedings as to what disposition should be made of the accumulated monthly payments, plus interest thereon, which payments we do not believe are, ipso facto, part of the corpus of the special trust estate of Richard W. Atwood. The decree is in all other respects affirmed, except that the cost of appeal in No. 11625 should be paid by Appellees. The decree in Appeal No. 11658 is affirmed, the cost to be paid by Appellants.